UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEALED,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SEALED,<br><br>　　　　　　Defendant. | Case No. 16-cv-02259-EMC<br>*SEALED*<br><br>**ORDER RE SUPPLEMENTAL BRIEFING [UNDER SEAL]**<br><br>Docket No. 4 |

Plaintiff has filed an ex parte application for relief. *See* Docket No. 4 (ex parte application). Having reviewed that application and the supporting documents, the Court hereby orders Plaintiff to provide supplemental briefing and/or evidence regarding the following.

A.　　Requested TRO

Plaintiff shall also address why a TRO that limits Defendant's speech beyond advertising (thus, possibly implicating First Amendment concerns) (see ¶ J.2-3) is appropriate.

Plaintiff shall further address why a TRO that freezes Defendant's bank account is appropriate (see ¶ J.6), especially as (1) there does not appear to be any evidence that Defendant might transfer funds and (2) Defendant may engage in the legal sale of other goods.

Finally, Plaintiff shall address whether this Court has jurisdiction over any and all third parties to order them to preserve evidence (see ¶ 8) and whether the desired preservation order as to third parties may be premature. *Cf.* Fed. R. Civ. P. 65(d)(2) (providing that a restraining order "binds only the following who receive actual notice of it" – *i.e.*, "the parties"; "the parties' officers, agents, servants, employees, and attorneys"; and "other persons who are in active concert or participation with anyone described [above]").

///

B.     Requested Seizure Order

Plaintiff shall address whether their request for seizure of documents (as opposed to goods) (see ¶ K) is overbroad – *i.e.*, why should the seizure order not simply track the language of § 1116(d)(1).[1] *See* 15 U.S.C. § 1116(d)(1) (providing for the seizure of "the means of making such [counterfeit] marks, and records *documenting the manufacturer, sale, or receipt of things involved in such violation*") (emphasis added).

Plaintiff shall also address what authority there is to support their claims that (1) an *off-duty* law enforcement official may effect the seizure (see ¶ K); (2) Plaintiff and/or its agents/employees may be appointed to assist in the seizure and may videotape or photograph the seizure (see ¶¶ K, Q); (3) an "unknown business location[]" (see ¶ L) may be identified in a seizure order, *see id.* § 1164(d)(5) (providing that there must be "a description of each place at which such matter is to be seized"); (4) that Plaintiff's counsel may be appointed a substitute custodian for the seized items,[2] *see id.* § 1164(d)(7) (providing that materials seized "*shall* be taken into the custody of the court") (emphasis added); (5) Plaintiff is entitled to, in effect, take expedited discovery by examining the seized items and even take custody of them (see ¶ M); and (6) a law enforcement officer is entitled to use reasonable force, including breaking open entrances to buildings and rooms (see ¶ R).

///
///
///
///
///
///
///

---

[1] The Court also notes that ¶ K of the proposed seizure order seems problematic in that it refers to law enforcement authority to seize "cash." Prop. Order ¶ K.

[2] Plaintiff has cited *Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 737 F. Supp. 1521 (S.D. Cal. 1990), but there the court took note that there was a "protective order [that] limited plaintiff's access to these records." *Id.* at 1525.

2

**United States District Court**
For the Northern District of California

C.  <u>Amount of Bond</u>

Plaintiff shall provide more specifics as to why a bond in the amount of $10,000 is sufficient to protect Defendant's interests.

**Plaintiff shall file their supplemental brief and/or evidence within three days of the date of this order.**

**IT IS SO ORDERED**.

Dated: April 27, 2016

_____
EDWARD M. CHEN
United States District Judge