UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC.,<br>    Plaintiff,<br>v.<br>HSIAO YIN FU,<br>    Defendant. | Case No. 16-cv-02259-EMC<br><br>**ORDER RE LETTER FROM STEPHEN GAFFIGAN, DATED MAY 20, 2016**<br><br>Docket Nos. 35-36 |

Previously, the Court ordered Plaintiff Chanel, Inc. to address why the seizure that was effected on or about May 4, 2016 exceeded the scope of the Court's seizure order, even after Chanel was informed that the Court would not expand the seizure order. *See* Docket No. 35 (Order at 4). Chanel has filed a letter in response from one of its counsel, Stephen Gaffigan. The Court has reviewed Mr. Gaffigan's letter and does not find his explanation adequate.

Mr. Gaffigan defends his actions because the seizure order states that "[t]he attorney and [Chanel] representative shall not participate in the seizure in any way, except that law enforcement may consult with them to determine whether a product is counterfeit or genuine." Docket No. 23 (Order at 4). However, that statement clearly meant that counsel and Chanel could not seize items themselves.

Moreover, Mr. Gaffigan cannot try to absolve himself of any responsibility when he is an officer of the Court. The scope of the seizure order was clear – Exhibit A referred to the Chanel marks appearing on certain classes or goods. Mr. Gaffigan had an obligation as an officer of the Court to advise law enforcement as to the proper scope of the seizure order. That Mr. Gaffigan clearly thought that the seizure order was limited to only, *e.g.*, leather goods and handbags and not, *e.g.*, jewelry is evidenced by the fact that he had another Chanel attorney contact chambers, asking for permission to modify the seizure order. Furthermore, Mr. Gaffigan fails to address the

fact that the Court said "no" to that request.[1]

Finally, Mr. Gaffigan does not explain how he could have thought in any way that the seizure could be expanded to cover additional goods such as jewelry when Chanel's undertaking was premised on statements made by Chanel representatives or agents that they saw, *e.g.*, 30 handbags or wallets in Defendant's store.  *See* Docket No. 8 (Pollock Decl. ¶ 5).  In other words, seizing more goods would impact the amount of the undertaking.  Mr. Gaffigan claims to be an expert in seizures so this should, at the very least, have crossed his mind.

Accordingly, the Court hereby orders as follows:

1. Mr. Gaffigan's pro hac vice status is hereby **REVOKED**, and his appearance as litigation counsel of record is terminated.  Chanel may continue to be represented by the Keller Sloan law firm.

2. The undertaking is hereby increased to $40,000 to reflect that additional items were seized.  Chanel previously posted an undertaking in the amount of $20,000.  *See* Docket No. 27 (notice).  Chanel shall post the balance (*i.e.*, $20,000) within a week of the date of this order, or the Court shall order the return (to Defendant) of the items seized that are beyond the scope of the original seizure order.

Chanel shall immediately serve a copy of this order on the attorney representing Defendant.  Immediately after service, Chanel shall file a proof of service confirming such.

**IT IS SO ORDERED**.

Dated: May 24, 2016

_____
EDWARD M. CHEN
United States District Judge

---

[1] Chanel's attorney, Lori Holland, asked the Court via e-mail: "[W]ould it be possible for Judge Chen to modify the seizure order, either verbally to law enforcement or in writing, to encompass all counterfeit goods bearing the Chanel marks that are located today at the seizure?"  The response provided by Court staff was: "[Judge Chen] will not be issuing an amended order[;] however, you may amend your complaint."