UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>HSIAO YIN FU,<br><br>   Defendant. | Case No. 16-cv-02259-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>Docket No. 61 |

Plaintiff Chanel, Inc. has filed suit against Defendant Hsiao Yin Fu for, *inter alia*, counterfeiting, trademark infringement, and false designation of origin in violation of the federal Lanham Act; related violations of state law; and breach of contract. *See generally* Docket No. 28 (first amended complaint). On January 4, 2017, the Court conducted a telephonic case management conference during which defense counsel represented that Ms. Fu did not intend to respond to Chanel's complaint. The Court therefore directed the Clerk to enter default against Ms. Fu, and the Clerk did so. *See* Docket Nos. 59-60 (minutes and notice of entry of default). Chanel now moves for a default judgment.

At this juncture, Ms. Fu has failed to file an opposition to Chanel's motion, at least within the timeframe required by the Civil Local Rules. Notwithstanding such, the Court shall not, at this point, vacate the hearing on the motion and rule in Chanel's favor. Rather, the Court hereby orders that the parties address the following issues through supplemental briefing and/or evidence. **Such briefing and/or evidence shall be filed within one week of the date of this order.**

1. *Permanent injunction.* Chanel's requested permanent injunction uses language different from that used in the agreed-upon preliminary injunction. *Compare* Docket No. 61-3 (proposed order for permanent relief), *with* Docket No. 35 (consent preliminary injunction). The

parties shall address whether the language of the latter is sufficient – *i.e.*, whether the preliminary injunction should, in effect, be converted into a permanent injunction. The parties shall also address whether there is any potentially problematic language in Chanel's proposed permanent injunction. *See, e.g.*, Docket No. 61-3 (proposed order for permanent relief) (¶ 1(h)) (enjoining Ms. Fu from "otherwise unfairly competing with Plaintiff").

2. *Statutory damages.* The parties shall address whether the proposed statutory damages of $500,000 is reasonable. For example, is the requested award consistent with statutory damages requested and/or awarded in other cases in which Chanel or a similar trademark owner has asked for such damages? *See, e.g., Chanel, Inc. v. Gupton*, No. 14-cv-03105-JSW (KAW), 2015 U.S. Dist. LEXIS 24997, at *18-19 (N.D. Cal. Jan. 15, 2015) (report and recommendation, subsequently adopted by district court) (rejecting Chanel's request for $20,000 for each of two registered marks infringed; noting that "[c]ourts in this district have awarded significantly less in statutory damages per Mark on default judgment in similar cases involving Chanel" – *e.g.*, $3,000); *see also Chanel, Inc. v. Lin*, No. C-09-04996 JCS, 2010 U.S. Dist. LEXIS 61295, at *39 (N.D. Cal. May 7, 2010) (report and recommendation, subsequently adopted by district court) (noting that Chanel "requests an award of $3,000.00 per registered Chanel Mark" and that Chanel "bases its request on the statutory minimum ($1,000.00 per counterfeit mark per type of good sold) trebled to reflect Defendants' willfulness"); *Chanel Inc. v. San*, No. C-10-2180 RS (N.D. Cal.) (Docket No. 23) (in motion for default judgment filed in November 2010, asking for baseline statutory damages of $1,000 per mark and then asking that that amount be trebled "to reflect Defendants' willfulness and for the purpose of deterrence" – *i.e.*, $3,000 per mark); *Chanel, Inc. v. Weng*, No. C-10-03620 JCS, 2011 U.S. Dist. LEXIS 157806, at *41-42 (N.D. Cal. Apr. 18, 2011) (report and recommendation, subsequently adopted by district court) (taking note that "Chanel requests an award of $4,000.00 per type of goods sold . . . per distinct registered Chanel Mark" – a position that Chanel argued "reflects Defendants' extensive and willful counterfeiting"); *Chanel, Inc. v. US880*, No. C 10-02601 PJH (JSC), 2011 U.S. Dist. LEXIS 82632, at *44-45 (N.D. Cal. July 5, 2011) (report and recommendation, subsequently adopted by district court) (noting that Chanel "initially requested an award of $3,000.00 per registered Chanel trademark," a "calculation

2

1  . . . based on the statutory minimum of $1,000.00 per counterfeit mark pre type of good sold
2  trebled to reflect Defendant's willfulness").

3        Also, does the statutory damages award requested bear a relationship to Chanel's actual
4  damages or to the value of the counterfeit goods seized from Ms. Fu[1]? *See Gupton*, 2015 U.S.
5  Dist. LEXIS 24997, at *16 (noting that, "[i]n determining the appropriate amount of statutory
6  damages to award on default judgment, courts in this district consider whether the amount of
7  damages requested bears a 'plausible relationship to Plaintiff's actual damages' and whether the
8  amount is sufficient to deter future infringement"); *see also Coach Inc. v. Envy*, No. 1:11-cv-1029
9  LJO GSA, 2012 U.S. Dist. LEXIS 2879, at *10 (E.D. Cal. Jan. 10, 2012) (noting that plaintiff did
10 not provide evidence in support of its request for statutory damages – "[t]here is no evidence, for
11 example, regarding what products in particular were obtained, the value of the items, the presence
12 of other products in the store, or how the introduction of these products into the market
13 specifically effected Coach's profit").

14       3.   *Attorney's fees.*  Chanel has asked the Court to rule that it is entitled to attorney's
15 fees on the grounds that this case is an exceptional one, with the specific amount to be determined
16 later.  The Court orders the parties to address whether attorney's fees may be awarded in a case
17 where the plaintiff seeks statutory damages (as here).  *See, e.g.*, *Louis Vuitton Malletier S.A. v. LY*
18 *USA, Inc.*, 676 F.3d 83, 106-11 (2d Cir. 2012) (concluding that an award of fees under 15 U.S.C. §
19 1117(a) may accompany an award of statutory damages under § 1117(c) but recognizing that
20 courts are not in agreement on this issue and that the Ninth Circuit has expressly chosen not to
21 address the issue; adding that many "courts avoid confronting the issue by implicitly or explicitly
22 accounting for the cost of attorney's fees in setting the amount of the statutory-damages award");
23 *see also K&N Eng'g, Inc. v. Bulat*, 510 F.3d 1079, 1083 n.5 (9th Cir. 2007) ("not reach[ing] the
24 issue whether an election to receive statutory damages under § 1117(c) precludes an award of
25 attorney's fees for exceptional cases under the final sentence of § 1117(a)").  In addition, the Court
26 orders Chanel to provide information about the amount of attorney's fees that will be requested,

---

[1] Chanel should provide information as to the value of the goods seized from Ms. Fu.  *See generally* Docket No. 31 (custody receipt for seized property and evidence).

including information on the hourly rates and the reasonable number of hours incurred, which were properly attributable to the case against Ms. Fu.  The Court expects the exercise of billing judgment.  Chanel shall also make clear whether it is asking for any fees incurred by Mr. Gaffigan and, if so, whether any such fees have been excluded.

4. *Contempt.*  Chanel asks that Ms. Fu be held in contempt for violating the final judgment and permanent injunction entered by Judge Gonzalez Rogers in Case No. C-14-1088 YGR (N.D. Cal.).  The parties shall address whether that relief is better sought from Judge Gonzalez Rogers instead of the undersigned (*i.e.*, after this Court renders a ruling in this case).

5. *Destruction of seized goods.*  Finally, Chanel asks for permission to destroy all items bearing the Chanel marks that it seized from Ms. Fu on May 4, 2016.  Chanel shall submit a declaration confirming that all seized items were determined to be counterfeits.

**IT IS SO ORDERED**.

Dated: February 16, 2017

_____
EDWARD M. CHEN
United States District Judge